IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

CSABA V. FEKETE and GABRIELA
FEKETE,

        Plaintiffs,

     v.

J.P. MORGAN CHASE BANK,

        Defendant.

Civil Action No.
3:14-CV-1545 (TJM/DEP)

---

APPEARANCES:                        OF COUNSEL:

FOR PLAINTIFF:

CSABA V. FEKETE, *Pro Se*
GABRIELA FEKETE, *Pro Se*
171 County Road 38
Bainbridge, NY 13733

FOR DEFENDANT:

[NONE]

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## REPORT, RECOMMENDATION, AND ORDER

*Pro se* plaintiffs Csaba V. Fekete and Gabriela Fekete commenced an action in this court against J.P. Morgan Chase Bank ("Chase") and seek leave to proceed *in forma pauperis* ("IFP"). Their complaint and

accompanying IFP application have been forwarded to me for consideration. Based upon my review, I conclude that plaintiffs qualify for IFP status but that their complaint fails to state a cognizable claim over which this court has subject matter jurisdiction. Accordingly, I recommend that plaintiffs' complaint be dismissed with leave to amend.

I. BACKGROUND

Plaintiffs commenced this action on December 22, 2014. Dkt. No. 1. Rather than paying the requiring filing fee, they instead seek leave to proceed in the matter IFP. Dkt. No. 2.

The allegations set forth in plaintiffs' complaint are difficult to decipher, a circumstance which is exacerbated by the fact that it was prepared on a form complaint designed for use in employment discrimination actions brought pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* Dkt. No. 1. Although it is not entirely clear, plaintiffs' claims seemingly relate to wire transactions from the Erste Bank, located in Hungary, to an account maintained by the plaintiffs at Chase. *Id.* at 2-3. Plaintiffs appear to challenge Chase's reduction of the amounts deposited into their account by way of a wire transfer from the Erste Bank, claiming that the wire and service fees charged are not authorized. *Id.* As relief, plaintiffs request an order and judgment directing Chase to cease reducing the amounts forwarded to it by wire for plaintiff's benefit and directing Chase

2

to refund any amounts previously deducted. *Id.* at 4.

II. <u>DISCUSSION</u>

A. <u>Application for Leave to Proceed IFP</u>

When a civil action is commenced in a federal district court, the statutory filing fee, currently set at $400, must ordinarily be paid. 28 U.S.C. § 1914(a). A court is authorized, however, to permit litigants to proceed IFP if it determines that they are unable to pay the required filing fee. 28 U.S.C. § 1915(a)(1).[1] In support of an IFP application, section 1915 requires that the plaintiffs submit an affidavit that reflects all of the assets possessed by them. *Id.*

Upon review of plaintiffs' application, I find that they qualify for IFP status and will therefore grant their application.

---

[1] The language of that section is ambiguous, in that it suggests an intent to limit availability of IFP status to prison inmates. *See* 28 U.S.C. § 1915(a)(1) (authorizing the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such prisoner possesses"). Courts have construed that section, however, as making IFP status available to any litigant who can meet the governing financial criteria. *Hayes v. United States*, 71 Fed. Cl. 366, 367 (Fed. Cl. 2006); *see also Fridman v. City of N.Y.*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002).

B. Sufficiency of Plaintiff's Complaint

1. Standard of Review

Because I have found that plaintiffs meet the financial criteria for commencing this case IFP, I must next consider the sufficiency of the claims set forth in their complaint in light of 28 U.S.C. § 1915(e). Section 1915(e) directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Similarly, 28 U.S.C. § 1915A(b) directs a court to review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) ("We have found both sections [1915 and 1915A] applicable to prisoner proceedings *in forma pauperis*.").

In deciding whether a complaint states a colorable claim, a court must extend a certain measure of deference in favor of *pro se* litigants, *Nance v.*

*Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to address the sufficiency of plaintiff's allegations, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983). However, the court also has an overarching obligation to determine that a claim is not legally frivolous before permitting a *pro se* plaintiff's complaint to proceed. *See, e.g., Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (holding that a district court may *sua sponte* dismiss a frivolous complaint, notwithstanding the fact that the plaintiff paid the statutory filing fee). "Legal frivolity . . . occurs where 'the claim is based on an indisputably meritless legal theory [such as] when either the claim lacks an arguable basis in law, or a dispositive defense clearly exists on the face of the complaint.'" *Aguilar v. United States*, Nos. 99-MC-0304, 99-MC-0408, 1999 WL 1067841, at *2 (D. Conn. Nov. 8, 1999) (quoting *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998)); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) ("[D]ismissal is proper only if the legal theory . . . or factual contentions lack an arguable basis."); *Pino v. Ryan*, 49 F.3d. 51, 53 (2d Cir. 1995) ("[T]he decision that a complaint is based on an indisputably meritless legal theory, for the purposes of

dismissal under section 1915(d), may be based upon a defense that appears on the face of the complaint.").

When reviewing a complaint under section 1915(e), the court looks to applicable requirements of the Federal Rules of Civil Procedure for guidance. Specifically, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (McAvoy, J.) (quotation marks and italics omitted).

A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the court should construe the factual allegations in a light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556
6

U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

2. Analysis of Plaintiffs' Complaint

On its face, plaintiffs' complaint suffers from a threshold and fatal defect. Specifically, the complaint fails to assert a claim over which the court has jurisdiction under 28 U.S.C. § 1331.

Federal district courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). Federal jurisdiction exists only when a "federal question" is presented pursuant to 28 U.S.C. § 1331 or where there is diversity of citizenship and the amount in controversy exceeds $75,000 pursuant to 28 U.S.C. § 1332. *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274 (2004). In accepting matters for adjudication, district courts must insure that the subject matter requirement is met, and may raise the question of jurisdiction *sua sponte* at any point in the litigation. *See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 107 (2d Cir.1997) ("[A] challenge to subject matter jurisdiction . . . may be raised . . . *sua sponte*."

(quotation marks and alterations omitted)). "Where jurisdiction is lacking, . . . dismissal is mandatory." *United Food & Commercial Workers Union, Local 919, AFL–CIO v. Centermark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir.1994); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

In this case, plaintiffs' complaint does not reveal a basis to conclude that this court has subject matter jurisdiction over their claims. Although plaintiffs have submitted a form complaint designated for use in asserting Title VII claims, none of the allegations in the complaint support a finding that plaintiffs intend to assert a cause of action under that provision. Moreover, plaintiffs assert what appear to be state common law claims that, liberally construed, sound in conversion or breach of contract against defendant Chase. For purposes of diversity jurisdiction, a corporation such as defendant Chase is deemed to be a citizen of each state in which it is incorporated and where it maintains its principal place of business. 28 U.S.C. § 1332(c)(1). Although plaintiffs' complaint does not contain Chase's state of incorporation or its principal place of business, it does list the address of Chase as 270 Park Avenue, New York, New York. Dkt. No. 1 at 1. The complaint also lists plaintiffs' address as Bainbridge, New York. *Id.* Accordingly, because there is nothing in the complaint to suggest that

complete diversity exist as between the parties, I find that plaintiffs cannot rely on diversity jurisdiction. *See Herrick Co., Inc. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001) ("We begin this enquiry with the axiomatic observation that diversity jurisdiction is available only when all adverse parties to a litigation are completely diverse in their citizenships."). Finally, a federal court may, in its discretion, exercise supplemental jurisdiction over a state law claim, but only to the extent it is accompanied by a claim over which the court has original jurisdiction. *See* 28 U.S.C. § 1367 ("[Except [in limited circumstances], in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related[.]"). Because plaintiffs have neither asserted a federal law claim nor alleged facts supporting a finding of diversity jurisdiction, the court declines to exercise supplemental jurisdiction over plaintiff's state law claims.

For all of the above reasons, I recommend that plaintiffs' complaint be dismissed.

C. <u>Whether to Permit Amendment</u>

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991); *see also* Fed. R. Civ.

9

P. 15(a) ("The court should freely give leave when justice so requires."); *see also Mathon v. Marine Midland Bank, N.A.,* 875 F. Supp. 986, 1003 (E.D.N.Y.1995) (permitting leave to replead where court could "not determine that the plaintiffs would not, under any circumstances, be able to allege a civil RICO conspiracy"). The court must next determine whether plaintiffs are entitled to the benefit of this general rule.

In this instance, in light of the confusion stemming from plaintiff's complaint in its current form regarding the allegations and intended causes of action, I am unable to conclude that permitting amendment would be futile. Accordingly, I recommend plaintiffs be afforded leave to amend their complaint to cure the deficiencies identified in this report.

In the event plaintiff chooses to file an amended complaint, he is advised that the law in this circuit clearly provides that "'complaints relying on the civil rights statutes are insufficient unless they contain some specific allegations of fact indicating a deprivation of rights, instead of a litany of general conclusions that shock but have no meaning.'" *Hunt v. Budd*, 895 F. Supp. 35, 38 (N.D.N.Y. 1995) (McAvoy, J.) (quoting *Barr v. Abrams*, 810 F.2d 358, 363 (2d Cir. 1987)); *Pourzandvakil v. Humphry*, No. 94-CV-1594, 1995 WL 316935, at *7 (N.D.N.Y. May 22, 1995) (Pooler, J.). Therefore, in his amended complaint, plaintiff must clearly set forth the facts that give rise to the claim, including the dates, times, and places of the alleged underlying

acts, and each individual who committed each alleged wrongful act. In addition, plaintiff is informed that any such amended complaint will replace the existing complaint, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect." (quotation marks omitted)).

III.     SUMMARY AND RECOMMENDATION

Because plaintiffs' complaint in this action is accompanied by a motion for leave to proceed IFP, and it appears that they qualify for that status, their application is granted. After reviewing their complaint pursuant to 28 U.S.C. § 1915(e), however, I find that it fails to demonstrate a basis for this court's subject matter jurisdiction. Accordingly, it is hereby

ORDERED that plaintiffs' motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is GRANTED; and it is further hereby respectfully

RECOMMENDED that plaintiffs' complaint in this action (Dkt. No. 1) be DISMISSED based upon lack of subject matter jurisdiction, with leave to replead.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with

the clerk of the court within FOURTEEN days of service of this report.

FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).

Dated:     January 14, 2015
               Syracuse, New York

_____
David E. Peebles
U.S. Magistrate Judge