IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

CSABA V. FEKETE and GABRIELA
FEKETE,

        Plaintiffs,

        v.

J.P. MORGAN CHASE BANK,

        Defendant.

Civil Action No.
3:14-CV-1545 (TJM/DEP)

---

APPEARANCES:

FOR PLAINTIFF:

CSABA V. FEKETE, *Pro Se*
GABRIELA FEKETE, *Pro Se*
171 County Road 38
Bainbridge, NY 13733

FOR DEFENDANT:

[NONE]

OF COUNSEL:

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

REPORT AND RECOMMENDATION

This is an action brought by *pro se* plaintiffs Csaba V. Fekete and Gabriela Fekete against defendant J.P. Morgan Chase Bank ("Chase"). Plaintiffs' original complaint, filed in December 2014, was *sua sponte* dismissed by the court upon initial review, with leave to replead, based upon

a finding that it did not disclose a basis for federal subject matter jurisdiction over the asserted claims.

Plaintiffs have now submitted an amended complaint, which has been forwarded to me for consideration. Based upon my review, I conclude, once again, that plaintiffs' amended complaint, which is extremely difficult to understand, does not comply with the governing pleading requirements and fails to demonstrate a basis for this court's subject matter jurisdiction. Accordingly, I recommend that their complaint be dismissed, with one final opportunity to amend.

I. BACKGROUND

Plaintiffs commenced this action on December 22, 2014, by filing a complaint and application to proceed *in forma pauperis*. Dkt. No. 1. Following the referral of those pleadings to me for review pursuant to 28 U.S.C. § 1915(e), I issued a report on January 14, 2015, granting plaintiffs IFP status and recommending that the complaint be dismissed for lack of subject matter jurisdiction, with leave to amend in order to demonstrate a basis for this court's jurisdiction. Dkt. No. 4. On February 5, 2015, Senior District Judge Thomas J. McAvoy adopted my report and judgment was subsequently entered dismissing plaintiffs' complaint without prejudice.[1]

---

[1] In a subsequent order issued by Judge McAvoy on March 17, 2015, plaintiffs were directed "to file an Amended Complaint that states clearly the cause(s) of action they intend to raise, as well as the basis for this Court's jurisdiction, within fourteen (14)

2

Dkt. Nos. 7, 8.

On March 25, 2015, plaintiffs filed their amended complaint. Dkt. No. 13. That amended complaint, like its predecessor, is not a model of clarity. Plaintiffs' claims are seemingly centered upon a bank account maintained by them with defendant Chase, funded in part by wire transfers of monies from the Erste Bank located in Hungary. *See generally id*. Plaintiffs appear to challenge service charges, ranging in amounts between $12 and $15, applied by defendant Chase to their account each month. *Id.* at 1. In addition to setting forth ambiguous factual allegations, plaintiff's complaint is rambling and prepared in a narrative format without being subdivided into numbered paragraphs.[2] Significantly, the amended complaint, like its

---

days of [the court's order]." Dkt. No. 12.

[2] By way of example, the first three paragraphs of the amended complaint allege, verbatim, as follows:

> When We wrote letter to the JP Morgan Chase Bank Headquarters to San Antonio, supposedly there is in TEXAS. We didn't got any reasonable answer, only from HUSTON City. We was made copie from this short letter, and encosed to the Appeal letter on January 19-th 2015, and personally We bringed to the Federal Court to add to our case too.
>
> Another one. Why they gived to us, the San Antonio address from Texas State, when We opened the account in MANLIUS CHASE Bank in New York State.
>
> We live here in New York State, and not in Texas State, and the our Hungarian Bank the ERSTE have bussiness connection only with a J P Morgan Chase Bank in New York City Headquarters, and not with Texas State, what We got. We have a feeling in MANLIUS CHASE Bank purposedly

3

predecessor, fails to identify the states of incorporation and principal place of business of defendant Chase. *See generally id.*

II. DISCUSSION

A. Analysis of Plaintiffs' Amended Complaint

Based upon my review, I recommend that plaintiffs' amended complaint be dismissed for two reasons. First, it fails to comply with the applicable pleading requirements governed by the Federal Rules of Civil Procedure, and second, it fails to cure to the jurisdictional defect identified with respect to plaintiffs' original complaint.

Turning first to the rules governing pleadings, as discussed in my report and recommendation regarding plaintiff's original complaint, Rule 8, which sets forth the general pleading requirements applicable to most complaints filed in federal court, requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). The complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. at 570 (2007). "A claim has facial plausibility when the plaintiff

---

> misleaded us. That was the first trick by them. therefore they was bounced our money one bank to another all over back and for. When We opened the account, We told them We gono receive money every 3 as three month, from Hungarian Social Security. Therefore our yearly income, with this domestic Social Security for both of us on the poor level

Dkt. No. 13 at 1.

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Rule 10 of the Federal Rules of Civil Procedure, which governs the form of pleadings, requires parties to "state [their] claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Rule 10(b) is designed to "provide an easy mode of identification for referring to a particular paragraph in a prior pleading or for cross-referencing within a single pleading." 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1323 (3d ed.); *see also Flores v. Graphtex*, 189 F.R.D. 54, 55 (N.D.N.Y. 1999) (Munson, J.). "Together, Rules 8 and 10 . . . provide[] fair notice and facilitates clear presentation of the matters set forth in the complaint." *United States v. Erie Cnty., N.Y.*, 724 F. Supp. 2d 357, 366 (W.D.N.Y. 2010).

Applying these principles, I find that plaintiffs' amended complaint does not meet the requirements of either Rule 8 or 10. The pleading fails to provide adequate notice to the court and opposing parties of the nature of plaintiffs' claims. Indeed, it is an amorphous pleading that contains no clear statement of the legal basis for any cognizable claim, fails to articulate any cause of action being asserted, and rambles in a manner that would make difficult, if not impossible, for defendant Chase to answer. I therefore

recommend that plaintiffs' amended complaint be dismissed for failure to meet the pleading requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure.

The second basis for my recommendation is that the complaint does nothing to cure the jurisdiction defect identified in my report addressing plaintiffs' original complaint. Federal district courts are courts of limited jurisdiction. *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). Federal jurisdiction exists only when a "federal question" is presented pursuant to 28 U.S.C. § 1331 or where there is diversity of citizenship and the amount in controversy exceeds $75,000 pursuant to 28 U.S.C. § 1332. *NASDAQ OMX Group, Inc., v. UBS Secs., LLC*, 770 F.3d 1010, 1018 (2d Cir. 2014); *Hamilton v. Hamilton-Grinois*, 363 F. App'x 767, 768 (2d Cir. 2010). In accepting matters for adjudication, district courts must insure that the subject matter requirement is met, and may raise the question of jurisdiction *sua sponte* at any point in the litigation. *See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc.*, 109 F.3d 105, 107 (2d Cir.1997) ("[A] challenge to subject matter jurisdiction . . . may be raised . . . *sua sponte.*" (quotation marks and alterations omitted)). "Where jurisdiction is lacking, . . . dismissal is mandatory." *United Food & Commercial Workers Union, Local 919, AFL–CIO v. Centermark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d

Cir.1994); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

While plaintiffs' amended complaint no doubt attempts to articulate the basis for their legal claims against defendant Chase, it is devoid of any factual allegations that even marginally suggest that the claims implicate a federal question under 28 U.S.C. § 1331. Construed with the utmost liberality, the amended complaint may set forth a state common law claim, perhaps sounding in breach of contract and/or conversion. In this instance, the most obvious ground for the court's subject matter jurisdiction over such a state-law claim is diversity of citizenship pursuant to 28 U.S.C. § 1332. As a corporation, defendant Chase is deemed to be a citizen of each state in which it is incorporated and the state where it maintains its principal place of business. 28 U.S.C. § 1332(c)(1). Only if there is complete diversity of citizenship between the plaintiff and the defendants may the plaintiff rely upon section 1332 to establish this court's subject matter jurisdiction. *See Herrick Co., Inc. v. SCS Commc'ns, Inc.*, 251 F.3d 315, 322 (2d Cir. 2001) ("We begin this enquiry with the axiomatic observation that diversity jurisdiction is available only when all adverse parties to a litigation are completely diverse in their citizenships."). Based upon the allegations set forth in plaintiffs' amended complaint, the court is unable to ascertain

whether there is complete diversity among the parties. Moreover, section 1332 requires that the matter in controversy, exclusive of interest and costs, exceed $75,000. 28 U.S.C. § 1332(a). Here, it appears that the amount at stake is a modest sum of up to $15 per month without any indication of how many months defendant Chase applied the allegedly unlawful service charge to plaintiffs' account. Accordingly, plaintiffs' amended complaint fails to satisfy the monetary threshold necessary to establish diversity jurisdiction.

It is well-established that the burden is upon a plaintiff applying a federal district court for relief to establish a basis for the court's subject matter jurisdiction. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Gilman v. BHC Secs., Inc.*, 104 F.3d 1418, 1421 (2d Cir. 1997). In this instance, because plaintiffs have failed to meet their burden in this respect, I recommend the amended complaint be dismissed.

B. <u>Whether to Permit Amendment</u>

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir.1991); *see also* Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires."); *see also Mathon v. Marine Midland Bank, N.A.,* 875 F. Supp. 986, 1003

(E.D.N.Y.1995) (permitting leave to replead where court could "not determine that the plaintiffs would not, under any circumstances, be able to allege a civil RICO conspiracy"). The court must next determine whether plaintiffs are entitled to the benefit of this general rule.

In this instance, in light of the confusion stemming from plaintiffs' complaint in its current form, and although they have already been once given leave to amend, in deference to their *pro se* status, I recommend that they be granted one final opportunity to cure the deficiencies identified in this report. Plaintiffs are advised that any amended complaint must (1) set forth "a short and plain statement of the claim showing that the[y are] entitled to relief"; (2) contain <u>numbered paragraphs each limited to a statement of a single set of circumstances</u>; (3) allege facts showing that the plaintiffs and defendant Chase are citizens of different states, consistent with the principles applicable to corporations set forth above; and (4) demonstrate that the amount at stake in this case exceeds $75,000, exclusive of interest and costs.[3]

III.  SUMMARY AND RECOMMENDATION

Because plaintiffs' amended complaint in this action does not comply with the governing pleading requirements and fails to demonstrate a basis

---

[3] Plaintiffs are encouraged to avail themselves of the *Pro Se* Assistance Program operated under the auspices of the Northern District of New York Federal Court Bar Association ("NDNY FCBA"). Plaintiffs may obtain more information concerning the program by contacting the NDNY FCBA at 1-877-422-1011 or (315) 422-2711.

for the court's subject matter jurisdiction, it is hereby respectfully

RECOMMENDED that plaintiffs' amended complaint in this action (Dkt. No. 13) be DISMISSED, and that they be GRANTED one final opportunity to amend their complaint in the action, within thirty days of the issuance of an order approving this recommendation.

NOTICE: Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections must be filed with the clerk of the court within FOURTEEN days of service of this report. FAILURE TO SO OBJECT TO THIS REPORT WILL PRECLUDE APPELLATE REVIEW. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993); and it is further

It is hereby ORDERED that the clerk of the court serve a copy of this report and recommendation upon the parties in accordance with this court's local rules.

Dated: April 24, 2015
Syracuse, New York

_____
David E. Peebles
U.S. Magistrate Judge

10